# IN THE COURT OF APPEALS OF IOWA

No. 17-0949
Filed January 9, 2019

**THE UNIVERSITY OF IOWA, BOARD OF REGENTS, STATE OF IOWA,**
    Plaintiffs-Appellants,

**vs.**

**THE AMERICAN ARBITRATION ASSOCIATION,**
    Defendant-Appellee,

**MODERN PIPING, INC.,**
    Intervenor/Appellee.

_____

        Appeal from the Iowa District Court for Johnson County, Mary E. Chicchelly,

Judge.

        The petitioners appeal the order granting summary judgment on their action

to enjoin the American Arbitration Association from arbitrating a contract dispute.

**AFFIRMED.**


        Thomas J. Miller, Attorney General, and George A. Carroll, Assistant

Attorney General, for appellants.

        John A. Templer Jr. and Zachary J. Hermsen of Whitfield & Eddy, P.L.C.,

Des Moines, for appellee The American Arbitration Association.

        Jeffrey A. Stone and Gail Brashers-Krug of Simmons Perrine Moyer

Bergman PLC, Cedar Rapids, for appellee Modern Piping, Inc.


        Heard by Potterfield, P.J., Doyle, J., and Danilson, S.J.

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**DOYLE, Judge.**

The University of Iowa, Board of Regents, and State of Iowa (petitioners) appeal from the order granting summary judgment on their action to enjoin the American Arbitration Association (AAA) from arbitrating a contract dispute. They contend the district court erred in determining the doctrine of arbitral immunity prevents them from enjoining the AAA from arbitrating the dispute.

**I. Background Facts and Proceedings.**

Modern Piping, Inc. contracted to perform work on two building projects at the University of Iowa. Both contracts contain the following arbitration provision:

> [A]ny claim, dispute or other matter in question between the Contractor and the Owner referred to the Design Professional, except those which have been waived by the making or acceptance of final payment as provided in the Uniform General Conditions of the Contract, shall be subject to arbitration in accordance with the provisions of the Uniform General Conditions of the Contract.

When disputes arose with regard to each contract, Modern Piping filed demands for arbitration with the AAA.

The petitioners filed an action against the AAA,[1] seeking to enjoin it from arbitrating the disputes. The district court issued a temporary injunction but dissolved it after determining that the doctrine of arbitral immunity applied. The court granted the AAA's motion for summary judgment, dismissing the action on the same ground. The petitioners appealed.

---

[1] Modern Piping was not named as a party to the action but successfully moved to intervene.

## II. Scope and Standard of Review.

We review summary judgment rulings for correction of errors at law. *See Honomichl v. Valley View Swine, LLC*, 914 N.W.2d 223, 230 (Iowa 2018). Summary judgment is appropriate when the only conflict concerns the legal consequences that flow from the undisputed facts. *See id.* We will affirm the grant of summary judgment if, when viewing the facts and all inferences that may be taken from them in the light most favorable to the nonmoving party, the moving party is entitled to judgment as a matter of law. *See id.*

## III. Discussion.

The sole question before us is whether the doctrine of arbitral immunity applies. The doctrine provides that arbitrators are immune from liability for acts performed in their arbitral capacity. *See* 4 Am. Jur. 2d *Alternative Dispute Resolution* § 154. It "generally shields all functions which are integrally related to the arbitral process." *Id.* In determining whether a claim against an arbitrator arises out of a decisional act, the question is "whether the claim effectively seeks to challenge the decisional act of an arbitrator or arbitration panel." *Id.* If so, the doctrine applies; if not, the doctrine is inapplicable. *See id.* This immunity extends to associations administering arbitration procedures. *See, e.g.*, *Corey v. NYSE*, 691 F.2d 1205, 1211 (6th Cir. 1982) ("Extension of arbitral immunity to encompass boards which sponsor arbitration is a natural and necessary product of the policies underlying arbitral immunity; otherwise the immunity extended to arbitrators is illusionary. It would be of little value to the whole arbitral procedure to merely shift the liability to the sponsoring association.").

The petitioners argue that arbitral immunity does not apply to the AAA because it is without jurisdiction to arbitrate the dispute. Although no Iowa case has addressed the issue, other courts have rejected this contention. *See Int'l Med. Grp., Inc. v. Am. Arbitration Ass'n*, Inc., 312 F.3d 833, 842 (7th Cir. 2002) (noting "[t]he cases uniformly support arbitral immunity in situations such as occurred here" in reaching its conclusion that the AAA was immune from a suit based on wrongful exercise of jurisdiction). Those courts have found that arbitral immunity applies unless there is a "clear absence" of jurisdiction. *New England Cleaning Servs., Inc. v. Am. Arbitration Ass'n*, 199 F.3d 542, 545 (1st Cir. 1999). To hold otherwise

> would require arbitral organizations, not courts or arbitrators, to themselves resolve what might well turn out to be significant threshold legal issues long before any hearing. . . . Forcing the AAA itself to preliminarily address potentially complex legal issues would not only impose an unwelcome burden, but would interfere with the organization's neutrality and likely add further cost and delay to the arbitral process.

*Id.* at 546. "Unless the parties clearly and unmistakably provide otherwise, the question of arbitrability is to be decided by a court, not by an arbitrator." *Int'l Med. Grp.*, 312 F.3d at 842-43.

The petitioners argue the lack of court order determining the AAA had jurisdiction to arbitrate the dispute indicates a clear absence of its jurisdiction. However, the question is not whether a court has determined the AAA has jurisdiction to arbitrate a dispute; the question is whether the arbitration demand "was not *facially* valid so that jurisdiction was clearly lacking." *See New England Cleaning Servs.,* 199 F.3d at 545-46 (holding the AAA maintained arbitral immunity even though the district court determined it lacked jurisdiction or authority to

arbitrate the dispute where the demand for arbitration was not so deficient on its face as to signal a "clear absence" of jurisdiction). The petitioners fall short of showing the "clear absence" of jurisdiction required to divest the AAA of its arbitral immunity, as this litigation illustrates. *See id.* at 545 (finding the question of jurisdiction "was not facially obvious" where "it took a nine-page memorandum and order by the district court and a full opinion of this court to deal with the legal issues involved").

Although arbitral immunity prevents the petitioners from enjoining the AAA from arbitrating the dispute, they were not without a remedy. "[A]ny party to an arbitration can obtain relief by seeking a stay against the party bringing the arbitration. There is no need to seek a stay against the sponsoring organization." *Int'l Med. Grp.*, 312 F.3d at 843-44 (noting that "[t]he appropriate remedy . . . would be for the wronged party to seek injunctive relief against the party initiating the arbitration in an appropriate court," an action that the AAA "need not be a party to" because the AAA "should be spared the burden of litigating the appropriateness of its exercise of jurisdiction").

Because the doctrine of arbitral immunity applies, the district court properly granted summary judgment in the AAA's favor.

**AFFIRMED.**